IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-411 T
(Judge Francis M. Allegra)

PRESIDIO ADVISORS, LLC, NORVEST LTD.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

Defendant, the United States, for its answer to plaintiff's complaint, denies each and every allegation that is not admitted or otherwise expressly addressed below. Defendant also:

1. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1. Admits the allegation contained in second sentence. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

2. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Admits that Norwood Holdings, Inc., was designated as the tax matters partner on the 1998 partnership return, Form 1065, but states that its attorneys currently lack knowledge as to the remaining allegations.

4. States that its attorneys currently lack knowledge as to the truth of the allegations contained in paragraph 4.

5. Admits that the tax return was filed for the tax year 1998, but states that its attorneys currently lack knowledge as to whether the 1998 return was timely filed.

6. Admits the allegations contained in paragraph 6, except that its attorneys currently lack knowledge as to whether the Oakland, California Office of the Internal Revenue Service issued the FPAA.

7. Avers that jurisdiction, to the extent that it exists, is conferred by 28 U.S.C. § 1508, but denies that this Court has jurisdiction in this action to order a refund of the amount deposited by plaintiff.

8. Admits that plaintiff deposited $50,000 with the I RS on March 25, 2005, but states that its attorneys currently lack knowledge as to whether $50,000 is the amount by which the tax liability of the plaintiff would be increased if the treatment of partnership items on plaintiff's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA.

9. Denies the allegations contained in paragraph 9.

10A. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10A.

10B. Denies the allegation contained in paragraph 10B.

10C. Denies the allegation contained in paragraph 10C.

10D. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10D.

10E. Denies the allegation contained in paragraph 10E.

10F. Denies the allegation contained in paragraph 10F.

10G. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 10G.

10H. Denies the allegations contained in paragraph 10H.

10I. Denies the allegations contained in paragraph 10I.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, and that an order be entered in accordance with 26 U.S.C. § 6226(h) determining that the FPAA identified in paragraph 6 of the complaint is correct, with all allowable costs assessed against plaintiff.

Respectfully submitted,

July 27, 2005
Date

s/G. Robson Stewart
G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief

July 27, 2005
Date

s/David Gustafson
Of Counsel

Attorneys for Defendant