IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-411 T
(Judge Francis M. Allegra)

PRESIDIO ADVISORS, LLC, NORVEST LTD.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, ¶¶ 4 and 5, RCFC, the parties hereby provide the following Joint Preliminary Status Report:

(a) Jurisdiction

Plaintiff's Statement:

This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(a)(3). 28 U.S.C. § 1508 provides: "The Court of Federal Claims shall have jurisdiction to hear and to render judgment upon any petition under section 6226 or 6228(a) of the Internal Revenue Code of 1986." Plaintiff Norvest Ltd. ("Norvest"), the tax matters partner of Presidio Advisors, LLC (the "Partnership"), timely filed its Complaint for Readjustment of Partnership Items Under Code Section 6226 (the "Complaint") pursuant to 26 U.S.C. § 6226(a)(3), which provides that the tax matters partner of a partnership may file a petition for readjustment of partnership items in the Court of Federal Claims within 90 days after the mailing of a notice of a final partnership administrative adjustment ("FPAA"). Furthermore, Norvest satisfied the

"jurisdictional requirement" set forth in 26 U.S.C. § 6226(e) by depositing, prior to filing its complaint, the amount of $50,000. This deposit represents the amount by which the tax liability of Norvest would be increased if the treatment of partnership items on Norvest's return were made consistent with the treatment of partnership items on the Partnership's return, as adjusted by the FPAA.

The Court's jurisdiction over this action includes the authority to order that Norvest's deposit of $50,000 be returned with interest if the adjustments proposed in the FPAA are dismissed. The deposit was made on behalf of the Partnership for the purpose of securing this Court's jurisdiction over these partnership-level proceedings. Since the Partnership is a flow-through entity and will not owe any tax regardless of the outcome of these proceedings, the deposit does not constitute a payment of tax and should not be subject, as defendant claims, to the refund procedures provided in I.R.C. §§ 6230(c), 6511(g), and 7422(h). *See* I.R.C. § 6226(e)(3) (a jurisdictional deposit "shall not be treated as a payment of tax" for any purpose other than the determination of interest).

That the Court has jurisdiction over the deposit is clear from the language of 26 U.S.C. § 6226(e), which provides that the court in which a readjustment petition is filed "may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected." Thus, the Court also has the ability to order the return of this amount. *See, e.g., TIFD III-E Inc. v. United States*, 342 F.Supp.2d 94 (D. Conn. 2004) (holding that the FPAAs at issue were in error and ordering the IRS to refund the plaintiff's jurisdictional deposit).[1]

---

[1] The jurisdictional deposit is analogous to a deposit made to suspend the running of interest under IRS Revenue Procedure 2005-18, which provides: "A deposit made pursuant to section 6603 is not subject to a claim for credit or refund as an overpayment until the deposit is applied by the Service as payment of an assessed tax of the taxpayer. A taxpayer may request the return of all or part of a deposit at any time before the Service has used the deposit for payment of tax." Rev. Proc. 2005-18, Section 6.01. Accordingly, if the Court dismisses the

Defendant's Statement:

At this juncture, it appears that this Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b). Under 28 U.S.C. § 1508, the Court of Federal Claims has jurisdiction to hear and render judgment upon any petition under Sections 6226 or 6228 of the Internal Revenue Code of 1986. The Court, however, does not have jurisdiction in this action to order a refund of the amount deposited by plaintiff.[2]

(b) Consolidation

The parties know of no other case before the Court of Federal Claims with which this case should be consolidated.

(c) Bifurcation of liability and damages

Plaintiff's Statement:

Bifurcation is unnecessary because damages are not in issue in a proceeding under 26 U.S.C. § 6226 for readjustment of partnership items. The jurisdictional deposit does not constitute damages and should be returned at the end of these partnership-level proceedings.

Defendant's Statement:

Bifurcation is unnecessary because damages are not in issue in a proceeding under 26 U.S.C. § 6226 for readjustment of partnership items.

(d) Deferral of proceedings

Plaintiff's Statement:

Norvest does not believe there is any need to defer these proceedings. The adjustments at issue in this case pertain to certain transactions that occurred during the tax year ended December 31, 1998. These transactions are not, as defendant mistakenly states below, described in IRS Notice 2001-45, nor are they, to Norvest's knowledge, described in any notice setting

---

adjustments proposed in the FPAA, the Court may simply order the return of the jurisdictional deposit. *See, e.g., TIFD III-E Inc.*, 342 F.Supp.2d 94.

2 Any refund that may result from a readjustment of partnership items is subject to separate procedures following the completion of this partnership proceeding. See I.R.C. §§ 6230 (c), 6511(g), and 7422(h).

forth a so-called "listed transaction." Indeed, the transactions to which defendant refers by name, below, are unrelated to the proceedings before this Court. Norvest strongly takes issue with defendant's unfounded assertion, below, that Presidio Advisors, LLC "used a tax shelter to net-out fee income" from these unrelated transactions "so that income was not properly reported on plaintiff's tax return," and believes that such an assertion is both factually inaccurate and inappropriate in a Joint Preliminary Status Report.

Defendant states, below, that it has been asked to request a suspension of this case "to ensure that any discovery that plaintiff may seek in this action does not adversely affect the pending criminal investigations." In the absence of any factual support or legal authority for this statement, Norvest is at a loss to determine how its future discovery requests pertaining to the transactions at issue here might adversely affect the investigation of other, unrelated transactions.

Defendant initiated these proceedings by issuing an FPAA to Presidio Advisors, LLC, and defendant now holds a sizable deposit from Norvest. Moreover, pursuant to I.R.C. § 6225, defendant may assess the partners of Presidio Advisors, LLC at any time. To allow defendant to retain large sums of money from Norvest and the other partners indefinitely, while not allowing this case to be decided on the merits, will cause severe prejudice. *See Barry Farm Resident Council, Inc. v. United States Dept. of the Navy*, 1997 WL 118412 (D.D.C. 1997) (denying stay of civil proceedings pending resolution of criminal case in part based on delay civil plaintiffs would suffer if stay were granted); *Harris v. United States*, 933 F.Supp. 972, 974 (D. Idaho 1995) (denying motion to stay entire case pending resolution of criminal proceedings and stating that "Harris will certainly be prejudiced by the stay, especially since it is clear to the Court that the stay would last well in excess of the initial six month period sought by the Government."). Norvest respectfully requests that the Court allow this case to go forward, rather than to be suspended for an indefinite period of time.

Defendant's Statement:

The two principals of Presidio Advisors, LLC, Robert Pfaff and John Larson, have been indicted in the United States District Court for the Southern District of New York for conspiracy

to defraud the Internal Revenue Service, evade taxes, and file false returns in connection with their design, marketing and implementation of illegal tax shelters (the Criminal Case). The indictment references certain tax shelters, including FLIP, OPIS, BLIPS, and SOS shelters, which Larson and Pfaff helped to devise, market, and implement.

The United States Attorney's Office for the Southern District of New York has advised the District Court Judge assigned to the Criminal Case that it will be filing a superseding indictment, adding defendants and adding charges, including charges of personal tax evasion by certain defendants who engaged in shelter transactions on their own returns. The partnership in this TEFRA proceeding used a tax shelter to net-out fee income generated by some of the above-referenced tax shelters so that the income was not properly reported on plaintiff's tax return. Because the items involved in this proceeding flow through to the individual returns of Larson and Pfaff, it is likely, at the very least, that the Government may seek to introduce evidence concerning the underlying facts of this case in the Criminal Case.

The District Court set October 17, 2005, as the date by which a superseding indictment must be filed. Accordingly, the United States Attorney's Office for the Southern District of New York has requested that proceedings in this case be suspended, at minimum, until after the superseding indictment has been filed to ensure that any discovery that plaintiff may seek in this action does not adversely affect the pending criminal investigations.[3] If, after the superseding indictment has been filed, it is determined that a continuation of the suspension of proceedings in this case is necessary so that proceedings in this action do not adversely affect the proceedings in the Criminal Case, defendant will move for a suspension of this case until the Criminal Case is finally resolved.

---

3 Through this report, counsel for the United States has notified petitioner that, in addition to Rule 6(e) of the Federal Rules of Criminal Procedure, which protects grand jury information, the IRS criminal files are also privileged and not subject to discovery at this time.

(e) Remand or suspension

Plaintiff's Statement:

There is no basis for remand or suspension (see discussion of suspension in paragraph (d) above).

Defendant's Statement:

There is no basis for remand but the possibility of a need to suspend this case is possible due to the Criminal Case and ongoing criminal investigation described in paragraph (d) above.

(f) Additional parties

There are no additional parties to be joined in this action.

(g) Dispositive motions

At this juncture, the parties are unable to determine whether dispositive motions would be useful in this action.

(h) Factual and legal issues

Plaintiff's Statement:

This case concerns certain adjustments that the IRS has made to the 1998 partnership tax return of Presidio Advisors, LLC. The adjustments are set forth in the Notice of Final Partnership Administrative Adjustment (FPAA), which is attached as an exhibit to the complaint. The adjustments pertain to certain transactions that have *never been invalidated by any court of law*. Defendant's unfounded assertion, below, that these transactions constituted "an abusive tax shelter scheme designed to avoid federal income taxes through a purported loss on the sale of equipment" is completely untrue.

The primary issues involved in this case include:

1. Whether the Partnership acquired a portfolio of leased equipment (the "Equipment") with a view to making a profit;

2. Whether the Partnership's basis in the Equipment was $11,881,813;

3. Whether the Partnership's amount realized from the sale of the Equipment was $1,237,342;

4. Whether the Partnership is entitled to its loss of $10,644,471 with respect to the sale of the Equipment;

5. Whether the Partnership's gain from the sale of property used in a trade or business should be increased by $465,000;

6. Whether the Partnership's gain (loss) from the sale of property used in a trade or business should be treated as net gain (loss) under section 1231 rather than as ordinary income;

7. Whether the Partnership's nondeductible expenses should be adjusted from $782,659 to $10,317; and

8. Whether the accuracy-related penalty under I.R.C. § 6662 applies to the underpayments of tax attributable to the proposed adjustments of the partnership items of the Partnership.

<u>Defendant's Statement</u>:

This case concerns an abusive tax shelter scheme designed to avoid federal income taxes through a purported loss on the sale of equipment.[4] The IRS adjustments with respect to the transactions at issue are set forth in the Notice of Final Partnership Administrative Adjustment (FPAA), which is attached as an exhibit to the complaint. The reasons for the adjustments of the IRS are also described in the FPAA. These adjustments are presumptively correct and the burden of proof to reverse any of these determinations rests with the plaintiff. This action, like a tax refund suit, is a de novo proceeding and the government may raise any additional legal arguments to support the IRS adjustments.

The primary issues involved here include:

1. Whether Presidio can establish its claimed basis in equipment involved in a purported sale exceeded the amount realized.

2. Whether Presidio is entitled to a claimed loss of $10,644,471 with respect to the purported sale of equipment under I.R.C. § 165.

---

4 The transaction is described in IRS Notice 2001-45.

3. Whether Presidio's gain from the purported sale of section 1231 property should be increased by $465,000.

4. Whether Presidio's nondeductible expenses should be adjusted from $782,659 to $10,317.

5. Whether the accuracy-related penalty under I.R.C. § 6662 applies to the underpayments of tax attributable to the proposed adjustments of Presidio's partnership items.

(i) Settlement

At this juncture, it does not appear that this case is susceptible to settlement or ADR.

(j) Trial

Plaintiff's Statement:

A trial is likely here. An expedited trial schedule would not be appropriate because extensive fact and expert discovery will be necessary.

Defendant's Statement:

A trial is likely here. An expedited trial schedule would not be appropriate because of the pending Criminal Case and because extensive fact and expert discovery will be necessary.

(k) Electronic case management

This case has been designated as an ECF case. At this juncture, the parties are not aware of any other issues regarding electronic case management needs.

(l) Other information

None.

Discovery Plan:

Plaintiff's Statement:

Norvest believes that a discovery plan should not be established until defendant has determined whether it will move for an indefinite suspension of this case.

Defendant's Statement:

Defendant believes it that a discovery plan should not be established until the criminal indictment is finalized and a determination is made as to whether this case should be stayed pending the resolution of the Criminal Case.

Respectfully submitted,

9/21/05
Date

s/ McGee Grigsby

McGEE GRIGSBY
Latham & Watkins LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004-1304
(202) 637-2256

Counsel for Plaintiff

9/21/05
Date

s/ G. Robson Stewart

G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief, Court of Federal Claims Section

9/21/05
Date

s/ David Gustafson

Of Counsel

Attorneys for Defendant