No. 05-411T
(Judge Allegra)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

PRESIDIO ADVISORS, LLC;
NORVEST LTD.,

                            Plaintiff,

               v.

THE UNITED STATES,

                            Defendant.

_____

HOLLAND & HART LLP'S RESPONSE IN OPPOSITION TO MOTION OF THE UNITED
STATES TO COMPEL PRODUCTION OF DOCUMENTS

_____

                                     HOLLAND & HART LLP
                                     CRAIG STEWART, P.C.
                                     JOSEPH W. HALPERN
                                     P. O. Box 8749
                                     555 17th Street, Ste 3200
                                     Denver, CO  80201-8749
                                     (303) 295-8000
                                     (303) 295-8261 (Fax)
                                     cstewart@hollandhart.com

Holland & Hart LLP ("Holland & Hart") hereby responds to the Motion of the United States to Compel Production of Documents in Response to Third-Party Subpoena or, in the Alternative, To Exclude Evidence of Advice of Counsel ("Motion"), filed January 26, 2011.

**I.     Background**

Holland & Hart represented Presidio Advisors, LLC ("Presidio"). In connection with that representation, Holland & Hart prepared an opinion letter, addressed to Prevad, Inc. ("Prevad") and dated September 7, 1999 ("Opinion Letter"), addressing certain tax consequences of transactions described in the Opinion Letter. *See* Opinion Letter, attached to Motion Ex. 2 at B-15. Holland & Hart's work on any issues related to Presidio and Prevad ceased years ago, and Holland & Hart has no information on its former client's current status or whereabouts. Holland & Hart's research regarding the status of Presidio yielded the same results as the United States' research, attached to the Motion as Exhibits 8 and 9. The exhibits indicate:

- TX Presidio Advisors, LLC, a Texas limited liability company, was organized on November 3, 2003. Motion Ex. 8 at B-123. The LLC's articles of organization state that the manager/member is "Prevad, Inc. (President Alan Smith)." *Id.*

- TX Presidio Advisors, LLC's articles of conversion state: "The name, state of organization and organization form of the converting entity is Presidio Advisors, LLC, a California limited liability company (the 'Converting LLC'), organized July 8, 1997. The address of the company was 333 Hayes Street, Suite 200 San Francisco, California, 94102." Motion Ex. 8 at B-121. This was Presidio's address, and is the address to which the Opinion Letter was sent. *See* Opinion Letter, Motion Ex. 2 at B-15. The articles of conversion are signed by Prevad,

- Inc. as manager of TX Presidio Advisors, LLC, and specifically, by Alan Smith as President of Prevad, Inc. Motion Ex. 8 at B-121.
- TX Presidio Advisors, LLC filed a Texas Franchise Tax Public Information Report for 2008, showing Alan Smith as President, and Helge Vilhelmsen as director. Motion App. B-125.

Holland & Hart's understanding is that in this tax case, Mr. Pfaff has testified that he relied on the Opinion Letter in connection with Presidio's claim of a loss on a 1998 sale of equipment by Presidio. *See* Motion at 4 (describing nature of this tax dispute), Ex. 1 at B-5 (Phaff testimony on reliance). He or his counsel apparently produced the Opinion Letter to the United States.

The United States has issued a subpoena to Holland & Hart, seeking, among other things, all documents related to the Opinion Letter. *See* Motion Ex. 2. In response, Holland & Hart made timely objections, including an objection to the subpoena to the extent it seeks production of any documents protected by the attorney/client privilege or the work product doctrine. Motion Ex. 3 at B-86 (General Objection 1). Thereafter, Holland & Hart produced certain non-privileged documents, along with a privilege log. Motion Ex. 4.

## II. Argument

### A. Attorney/client privileged materials: Holland & Hart has an obligation to protect the confidences and attorney/client privilege of its former client, Presidio.

The attorney/client privilege belongs to the client, who is the only party that may waive it. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007) (*en banc*). A business entity's attorney/client privilege is controlled by the current management of the entity.

*Commodity Futures Trading Comm. V. Weintraub*, 471 U.S. 343, 349 (1985) ("when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well"). The United States recognizes as much. *See* Motion at 9.

Mr. Merriam, Presidio's counsel in the present case, has stated that he represents Mr. Pfaff and the entities Mr. Pfaff allegedly controls, including Presido and Prevad, Inc. *See* Ex. A attached hereto, January 4, 2011 email from Mr. Merriam to Craig Stewart. However, based on the facts set forth above regarding Presidio's current management, Holland & Hart is not aware of the factual basis for Mr. Merriam's statement. Instead, Presidio's current management appears to consist of Alan Smith and/or Helge Vilhelmsen, perhaps among others. Holland & Hart has seen no evidence indicating that Mr. Pfaff is a member of Presidio's current management.

For that reason, Holland & Hart requested further information from Mr. Merriam as to Presidio's current standing and management. *See* January 10, 2011 e-mail from Craig Stewart to Ms. Servidea and Mr. Frahm (representing the United States), and Mr. Merriam (representing plaintiffs). Holland & Hart specifically asked:

- Does Presidio Advisors still exist?
- Who are its current members?
- If Presidio is a member-managed LLC, who are the current members, and what are their titles and authority under Presidio's operating agreement?
- If Presidio is a manager-managed LLC, who are the current managers and what are their titles and authority under Presidio's operating agreement?

*Id.* Holland & Hart has received no response to these questions.

Interestingly, the United States does not contend that Mr. Pfaff has waived the attorney/client privilege, perhaps recognizing that the facts regarding Presidio's current existence and management indicate that he lacks authority to do so. Instead, the United States contends that because no client has come forward to claim the privilege, the issue of waiver is irrelevant, and Holland & Hart should produce its former client's files, regardless of privilege issues. *See* Motion at 9 ("The question of waiver is only relevant, however, if the holder of the privilege first comes forward to claim the privilege. If, as Holland & Hart believes, the privilege-holder is the current management of Presidio Advisors, then a representative of such management must come forward to invoke the privilege.").

This is the crux of the disagreement between the United States and Holland & Hart. Holland & Hart believes that it must preserve the attorney/client privilege unless that privilege is affirmatively waived by someone with proper authority to make the waiver, whereas the United States seems to contend that waiver is presumed unless someone with proper authority speaks up in favor of the privilege and against waiver. Holland & Hart is aware of no authority supporting the United States' position, and the United States has cited none. Instead, the law seems clear: the attorney/client privilege is held by Holland Hart's former client's current management, *see Weintraub*, 471 U.S. at 349, and because that party has not waived it, *see In re Seagate*, 497 F.3d at, 1372, Holland & Hart has an obligation to maintain and protect the privilege. *See* Colorado Rules of Professional Conduct, Rule 1.6 ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent . . . ."); *see also*

American Bar Association Model Rules of Professional Conduct, Rule 1.6 (identical to Colorado Rule 1.6).

Holland & Hart is willing to produce the attorney/client privileged materials in its files if it can be assured there has been a valid waiver of the privilege by someone with authority to waive it, or of course, if ordered to do so by the Court. But until then, it has an obligation to its former client Presidio to protect the privilege.

> **B.    Materials covered by the work product doctrine: Holland & Hart itself is entitled to claim privilege based on the work product doctrine.**

The work product doctrine differs from the attorney/client privilege in that Holland & Hart itself has an interest in maintaining its own confidences and intellectual product, regardless of any waiver by Holland & Hart's former client Presidio. *See*, *e.g.*, *In re Sealed Case*, 676 F.2d 793, 809 n.56 (D.C. Cir. 1982) ("*Hickman v. Taylor*, the leading case on work-product protection, identifies a complex of interrelated interests that the work product doctrine seeks to protect. They range from clients' interests in obtaining good legal advice, undistorted by mechanisms to avoid discovery, to the interest of attorneys in their own intellectual product. Courts have often recognized that the interests of attorneys and those of their clients may not always be the same. To the extent that the interests do not conflict, attorneys should be entitled to claim privilege even if their clients have relinquished their claims.") (citations omitted).

The work product doctrine applies to documents "prepared in anticipation of litigation or for trial by or for another party or its representative. RCFC 26(b)(3)(A). As this Court has recognized, "litigation need not already have commenced or be imminent; rather, litigation must merely be a real possibility at the time the documents in question are prepared." *Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 132 (Ct. Fed. Cl. 2007). This Court has adopted

the "because of" test to determine when litigation is anticipated for purposes of Rule 26. *Id.* at 132-33. That is, a document is given work product protection if it "was prepared or obtained 'because of' the prospect for litigation." *Id.* at 132. The "because of" test does not depend solely on a party's subjective intent; instead, the party must "have had subjectively viewed litigation as a real possibility, and that belief must have been objectively reasonable." *Id.* (quoting *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998)).

Holland & Hart cannot come forward with evidence of Presidio's subjective anticipation of litigation because (a) Presidio is no longer its client, and those with authority to speak for the current iteration of Presidio are not before the Court, and (b) Holland & Hart itself cannot put forth evidence of what Presidio expected because such information is protected by the attorney client privilege. Regardless, the documents in question should be afforded protection under the work product doctrine.

In *United States v. Roxworthy*, 457, F.3d 590 (6th Cir. 2006), the Sixth Circuit considered whether work product protection would be afforded to two legal memoranda concerning a corporation's treatment of certain transactions. The memos were quite similar to the Opinion Letter in the instant case: They contained "dense legal analysis of current tax law, including arguments and counter-arguments in certain areas of law." *Id.* at 594. Here, the Opinion Letter is more than 60 pages long, cites more than 40 cases, and discusses many of those cases at length.

In *Roxworthy*, the memos which were found to be protected by the work product doctrine concluded that "it is more likely than not . . . that the following federal tax consequences (among others), will result from the transactions described herein and that such consequences will be

supported by 'substantial authority within the meaning of Treas. Reg. § 1.6662-4(d)." 457 F.3d at 594. Here, the documents withheld by reason of the work product protection all relate to the Opinion Letter. The Opinion Letter, as characterized by the United States, "addresses the tax consequences of the transaction at issue in this case and concludes, among other things, that Presidio Advisors was entitled to claimed the stepped-up basis in the equipment." Motion at 6. The Opinion Letter itself states that "[b]ased on the assumptions, facts and circumstances, relevant case law, Code Sections, Treasury Regulations and IRS rulings discussed above, substantial authority for PCC's and Prevad's tax treatment of the items discussed in this opinion should exist, and it is more likely than not that such treatment will be sustained if challenged by the IRS." Motion Ex. 2 at B-81.

The *Roxworthy* legal memos advised the client of the types of legal challenges which could be mounted, and the likely outcome of those challenges. 457 F.3d at 595. Similarly, the Opinion Letter cites to more than 40 cases, and includes in-depth analysis of many of these cases. *See* Motion Ex. 2.

In *Roxworthy*, "[t]he company's decision to obtain a legal opinion only after it had completed a series of transactions could easily lead to the conclusion that it was *more* likely to be in anticipation of litigation as opposed to being used for ordinary business purposes." 457 F.3d at 597 (emphasis in original). Here, although the Opinion Letter is dated September 7, 1999, Holland & Hart's work on the Opinion Letter occurred after that date, in 2000 and 2001. *See* Holland & Hart Time Summary, Motion Ex. 12. The transaction addressed in the Opinion Letter occurred even earlier, in 1998, *see* Motion at 4.

In short, as in *Roxworthy*, the Opinion Letter was prepared in reasonable anticipation of litigation, and for that reason, the documents surrounding it are covered by the work product doctrine. *See also Desert Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 93-94 (Ct. Fed. Cl. 2007) (citing and quoting *Roxworthy* with approval, and holding that because of size of corporate taxpayer and significant size of transaction "involving tens of millions of dollars," both taxpayer and government "knew or should have known that the auditing process *could* lead to litigation") (emphasis added).

For the same reasons that the attorney/client privilege has not been waived, the work product doctrine has not been waived. Holland & Hart does not disagree that to the extent the privilege has been waived, any documents consisting of attorney work product but also including attorney/client privileged communications would be covered by the waiver. However, here, there has not been a waiver by someone with authority. And, even had there been, any documents protected under the work product doctrine but not including attorney/client communications would not be subject to disclosure.

**C. Exclusion of evidence: Holland & Hart is simply protecting documents which are covered by the attorney/client privilege and work product doctrine.**

Holland & Hart is not seeking, through its position on production of documents, to have any impact on plaintiffs' or the United States' ability to present their respective case and defense. From Holland & Hart's perspective, excluding evidence of advice of counsel, when the United States has before it by far the best evidence of that advice, the Opinion Letter, appears a drastic result. *See* Fed. R. Evid. 611(a) (providing court with discretion regarding evidence to be presented at trial); Weinstein's Federal Evidence § 611.02[2][a] ("The rule [Rule 611(a)]

imposes on the trial court the duty of balancing *the trial's primary function of ascertaining the truth concerning the dispute between the parties* against the needs of the courts to conserve their time and to protect witnesses from harassment or undue embarrassment at the hands of overzealous advocates.") (emphasis added).

The United States cites *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142, 408 (D. Del. 1992) for the proposition that a party resisting discovery of documents by asserting the work product doctrine cannot rely on those same documents to establish its claim or defense. Here, however, Mr. Pfaff and Presidio have not resisted discovery; instead, Presidio's former counsel, Holland & Hart has protected the attorney/client privilege and work product doctrine. Mr. Pfaff, a member of Presidio's management at the time the advice was given, and a party who has not resisted discovery, should be able to assert reliance on advice of counsel even when he does not have present authority to waive Presidio's privilege.

Holland & Hart does not wish to have its position on documents tilt the balance in this case, but at the same time, it cannot produce documents which it believes are afforded protection under the important doctrines of attorney/client privilege and work product.

Dated: February 14, 2011.

                                        Respectfully submitted,

                                        s/ Craig Stewart_____
                                        Craig Stewart, P.C.
                                        Joseph W. Halpern
                                        HOLLAND & HART LLP
                                        **ATTORNEYS FOR HOLLAND & HART LLP**

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on February 14, 2011, I served a true and correct copy of the foregoing HOLLAND & HART LLP'S RESPONSE IN OPPOSITION TO MOTION OF THE UNITED STATES TO COMPEL PRODUCTION OF DOCUMENTS by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below :

>JOHN A. DICICCO
>Acting Assistant Attorney General
>
>STEVEN I. FRAHM
>KAREN SERVIDEA
>Justice Department (Tax)
>Court of Federal Claims Section
>P. O. Box 26
>Ben Franklin Post Office
>Washington, D.C. 20044
>(202) 616-3423
>(202) 514-9440 (Fax)

>>s/ Randi Dixon
>>An Employee of Holland & Hart LLP

5024409_1.DOCX