# In The United States Court of Federal Claims

No. 05-411T

(Filed:  February 16, 2011)

_____

PRESIDIO ADVISORS, LLC,
NORVEST LTD.,

                            Plaintiffs,

              v.

THE UNITED STATES,

                            Defendant.

_____

**ORDER**

_____

On February 10, 2011, defendant filed an unopposed application for issuance of a letter of request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.  The court has attached the Hague Convention's model letter of request, completed with defendant's submitted answers.  On or before February 22, 2011, the parties shall file any revisions to the letter, including any attachments, as necessary, and a response to paragraph 16, which requires the "[s]pecification of privilege or duty to refuse to give evidence under the law of the State of origin."

**IT IS SO ORDERED.**

                                                        s/ Francis M. Allegra_____
                                                        Francis M. Allegra
                                                        Judge

*Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

1. Sender

   Judge Francis M. Allegra
   United States Court of Federal Claims
   717 Madison Place, NW
   Washington, DC 20005
   United States of America
   Telephone: (202) 357-6400

2. Central Authority of the Requested State

   Royal Ministry of Justice and the Police
   Akersgaten 42
   Postboks 8005 Dep
   0030 Oslo
   Norway

3. Person to whom the executed request is to be returned

   Karen Servidea
   Trial Attorney, Court of Federal Claims Section
   U.S. Department of Justice, Tax Division
   Post Office Box 26
   Ben Franklin Station
   Washington, D.C. 20044, USA
   E-mail: karen.e.servidea@usdoj.gov

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

   Date

   March 15, 2011

   Reason for urgency*

_____

* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | a | Requesting judicial authority (Article 3,*a*)) | United States Court of Federal Claims<br>717 Madison Place, NW<br>Washington, DC 20005<br>United States of America<br>Telephone: (202) 357-6400 |
| | b | To the competent authority of (Article 3, *a*)) | Royal Ministry of Justice and the Police<br>Akersgaten 42<br>Postboks 8005 Dep<br>0030 Oslo<br>Norway |
| | c | Names of the case and any identifying number | Presidio Advisors, LLC, Norvest Ltd f/k/a Norwood Holdings, Inc., v. United States, No. 05-411T |
| 6. | | Names and addresses of the parties and their representatives (including representatives in the requested State*) (Article 3, *b*)) | |
| | a | Plaintiff | Plaintiff, Norvest Ltd., the Tax Matters Partner of Presidio Advisors, LLC |
| | | Representatives | Theodore H. Merriam from the Merriam Law Firm, located at 1625 Broadway, Suite 770, Denver, CO 80202, USA |
| | b | Defendant | United States of America |
| | | Representatives | Karen Servidea of the United States Department of Justice, Tax Division, located at 555 4th Street NW, Room 8804, Washington, DC 20001, USA |
| | c | Other parties | |
| | | Representatives | |

_____

* Omit if not applicable.

| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c*)) | Federal Tax Refund Case - Norvest Ltd., seeks a reduction in its liability for U.S. federal income taxes for the tax year ending on December 31, 1998. In that year, plaintiff was a partner in a partnership known as Presidio Advisors, LLC. |
|---|---|---|---|
|   | b | Summary of complaint | Plaintiff claims that in 1998, Presidio Advisors incurred a loss, for which it is entitled to a tax deduction, from the sale of certain computer equipment. It claims an increased basis in equipment due to a short sale and a loss deduction from the subsequent equipment sale. |
|   | c | Summary of defence and counterclaim* | The United States denies that Presidio is entitled to the claimed loss deduction. The United States asserts several grounds, including that the described events were preplanned steps designed to achieve a tax deduction and that they had no economic substance or business purpose apart from the desired tax benefits. |
|   | d | Other necessary information or documents* | The complaint, in its entirety, is attached to this form as Attachment A. |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, *d*)) | This letter requests the taking of oral testimony of the person identified in paragraph 9, below, and the production of documents identified in paragraph 11, below, to be used at the trial of this case. Discovery ends June 3, 2011. |
|   | b | Purpose of the evidence or judicial act sought | To obtain information from Mr. Vilhelmsen regarding his involvement in the transactions described above. |
| 9. | | Identity and address of any person to be examined (Article 3, *e*))* | Helge Vilhelmsen<br>Bogstadveien 3<br>0355 Oslo |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, *f*))* | See Attachment B for a list of questions anticipated to be posed. |

_____

* Omit if not applicable.

| | |
|---|---|
| 11. Documents or other property to be inspected (Article 3, *g*))* | See Attachment B for a list of documents intended to be inspected. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*))* | The witness should be sworn before evidence is taken. If local law does not permit the use of oath or affirmation, then the evidence should be taken in the normal manner permitted by local law. |
| 13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i*) and 9)* | The examination should be conducted in English, with the use of an interpreter if requested by the witness or required by the judge, and that the testimony be transcribed by computer-aided transcription by a court reporter, licensed in the United States of America, in English. It is requested that the examination also be recorded by audiovisual means. It is further requested that the attorneys for the parties in this case be permitted to conduct the examination, under the supervision, and in the presence, of a Judge of the Norwegian Court. |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)* | It is requested that the following persons be given notification of the time and place of execution of this request:<br> Theodore H. Merriam from the Merriam Law Firm, located at 1625 Broadway, Suite 770, Denver, Colorado 80202.<br><br> Karen Servidea of the United States Department of Justice, Tax Division, located at 555 4th Street NW, Room 8804, Washington, DC 20001. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)* | |

_____

* Omit if not applicable.

16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b*))*

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by*

    All fees and costs incurred that are reimbursable under the Hague Convention will be borne by the United States of America. Requests for reimbursement of fees and costs shall be submitted to Karen Servidea of the United States Department of Justice, Tax Division, located at 555 4th Street NW, Room 8804, Washington, DC 20001.

DATE OF REQUEST

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY               ----------------------------------------------------------------------

**ATTACHMENT B**

**Pursuant to Paragraph 10 of the Letter of Request**
**<u>Subject Matter of Examination</u>**

The examination of Mr. Vilhelmsen will concern his involvement in the transactions described in paragraph 7. The examination will consist of questions on the following topics:

1. The formation and business activity of Helminvest Resources, LLC, including:

   a. The authenticity of a Written Consent of the Sole Member of Helminvest Resources, LLC, appointing Mr. Vilhelmsen as the manager of Helminvest Resources, LLC, that appears to have been signed by Mr. Vilhelmsen and was previously produced by the plaintiff in this case.

   b. The authenticity of a Written Consent of the Sole Manager of Helminvest Resources, LLC, appointing offers of Helminvest Resources, LLC, that appears to have been signed by Mr. Vilhelmsen and was previously produced by the plaintiff in this case.

   c. The cash contribution of $600,000 made by Mr. Vilhelmsen to Helminvest Resources, LLC, on or about May 15, 1998.

   d. Why Mr. Vilhelmsen formed and invested in Helminvest Resources, LLC.

   e. The activity and time period of such activity of Helminvest Resources, LLC.

2. The formation and business activity of Presidio Capital Corporation, including:

   a. Whether the signature on the Shareholders Agreement for Presidio Capital Corporation that was previously produced to the United States Internal Revenue Service is Mr. Vilhelmsen's.

   b. Why Helminvest Resources, LLC, became a member of Presidio Capital Corporation.

    c.   Whether, at the time that Helminvest Resources, LLC, became a member of Presidio Capital Corporation, Helminvest Resources, LLC, had an understanding with John Larson, Robert Pfaff, Presidio Capital Corporation, Prevad Inc., or Presidio Advisors, that Presidio Capital Corporation would redeem Helminvest Resources, LLC's, shares of Presidio Capital Corporation in or about October or November 1998.

    d.   The activity and time period of such activity of Presidio Capital Corporation.

3.   The purchase agreement for the purchase of computer equipment (the "Equipment") by Helminvest Resources, LLC, from Capital Associates International, Inc., dated May 27, 1998, that appears to have been executed by Mr. Vilhelmsen and was previously produced by the plaintiff in this case (the "Purchase Agreement"), including:

    a.   Whether the signature on the Purchase Agreement is Mr. Vilhelmsen's.

    b.   Whether there were any negotiations leading to the execution of the Purchase Agreement and, if so, the details of such negotiations.

    c.   Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, performed, or caused to be performed, any analyses, research, or studies to determine the fair market value of the Equipment before entering into the Purchase Agreement and, if so, the details and the results of such analyses, research, or studies.

    d.   Why Helminvest Resources, LLC, entered into the Purchase Agreement.

    e.   Whether, at the time that Helminvest Resources, LLC, entered into the Purchase Agreement, Helminvest Resources, LLC, had an understanding with John Larson,

> Robert Pfaff, Presidio Capital Corporation, Prevad Inc., Presidio Advisors, or BT Alex Brown that Helminvest Resources, LLC, would subsequently contribute the Purchase Agreement or the Equipment to Presidio Capital Corporation.
>
> f. Whether Mr. Vilhelmsen's involvement in the equipment leasing industry extended beyond the execution of the Purchase Agreement and, if so, the time period and the geographical location of such activity.

4. The opening of a $12 million short sale of U.S. Treasury Securities by Helminvest Resources, LLC, (the "Short Sale"), as reflected on the BT Alex Brown Account statement for an account in the name of Helminvest Resources, LLC, for the month of May 1998, including:

   a. Whether the signature on a BT Alex Brown Account Agreement for an account in the name of Helminvest Resources, LLC, that was previously produced by the plaintiff in this case, is Mr. Vilhelmsen's.

   b. Why Helminvest Resources, LLC, opened the BT Alex Brown account.

   c. Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, ever signed a BT Alex Brown Partnership Account Authorization & Indemnity form, an unsigned version of which was previously produced by the plaintiff in this case.

   d. Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, ever signed a BT Alex Brown Non-Corporate Resolution form, an unsigned version of which was previously produced by the plaintiff in this case.

   e. Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest

      Resources, LLC, ever signed a BT Alex Brown Guaranty of Account form, an unsigned version of which was previously produced by the plaintiff in this case.

f. Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, ever signed a BT Alex Brown Master Securities Loan Agreement, an unsigned version of which was previously produced by the plaintiff in this case.

g. The identity of each individual and entity that had authorization to make transactions in the BT Alex Brown account in the name of Helminvest Resources, LLC, during 1998.

h. Why Helminvest Resources, LLC, opened the Short Sale.

i. The terms and conditions of the Short Sale.

j. Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, performed, or caused to be performed, any analyses, research, or studies to predict the future market price of the U.S. Treasury Securities subject to the Short Sale before opening the Short Sale and, if so, the details and the results of such analyses, research, or studies.

k. Whether, at the time that the Short Sale was opened, Helminvest Resources, LLC, had an understanding with John Larson, Robert Pfaff, Presidio Capital Corporation, Prevad Inc., or Presidio Advisors, that Presidio Capital Corporation would assume, or become a co-obligor with respect to, the obligation to close the Short Sale.

l. Whether, at the time that the Short Sale was opened, Helminvest Resources, LLC, planned to close the Short Sale within approximately one month and, if so, why.

    m. Whether Helminvest Resources, LLC, entered into an agreement with BT Alex Brown granting BT Alex Brown a security interest in the Purchase Agreement or the Equipment and, if so, the terms of the agreement, and why Helminvest Resources, LLC, entered into it.

5. The contribution to Presidio Capital Corporation by Helminvest Resources, LLC, of the Purchase Agreement and the U.S. dollar equivalent of $100,000 of Norwegian Kroner on June 26, 1998, as reflected on a Presidio Capital Corporation Unanimous Written Consent of the Board of Directors previously produced by the plaintiff in this case, including:

    a. Whether Mr. Vilhelmsen authorized the contribution.

    b. Why Helminvest Resources, LLC, made the contribution.

    c. Whether Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, ever executed a document assigning the Purchase Agreement to Presidio Capital Corporation.

    d. Whether, in connection with the contribution, Mr. Vilhelmsen, or any other person, on behalf of Helminvest Resources, LLC, entered into an agreement with Presidio Capital Corporation and/or BT Alex Brown whereby Presidio Capital Corporation assumed, or became a co-obligor with respect to, the obligation to close the Short Sale and, if so, the terms of the agreement, and why Helminvest Resources, LLC, and Presidio Capital Corporation entered into it.

6. The closing of the Short Sale on June 30, 1998, as reflected on the BT Alex Brown account statement for the account in the name of Helminvest Resources, LLC, for the month of June 1998, including:

   a. Whether Mr. Vilhelmsen, on behalf of Helminvest Resources, LLC, authorized the closing of the Short Sale.

   b. Why Helminvest Resources, LLC, closed the Short Sale on June 30, 1998.

7. The redemption of Helminvest Resources, LLC, from Presidio Capital Corporation on October 27, 1998, as reflected on a Stock Redemption Agreement previously produced by the plaintiff in this case (the "Redemption Agreement"), including:

   a. Whether the signature on the Redemption Agreement is Mr. Vilhelmsen's.

   b. Why the redemption occurred.

   c. How the redemption price for Helminvest Resources, LLC's, shares in Presidio Capital Corporation was determined, including the details of any negotiations and discussions between Helminvest Resources, LLC, and the other members of Presidio Capital Corporation regarding the price to be paid for such shares.

8. The designing and planning of the transactions referred to in paragraphs 10(1)-10(7), above (the "Transactions"), as reflected on various letters previously received by the defendant during discovery in this case, including:

   a. The identity of each individual and entity involved in such designing and planning.

   b. The nature of each such individual's or entity's involvement in the designing and the planning of the Transactions.

   c. The purpose for the designing and planning of the Transactions.

9. The authenticity and purpose of various letters previously received by the defendant during discovery in this case that purport to have been written by or sent to Mr. Vilhelmsen during the planning of the Transactions.

10. Whether Mr. Vilhelmsen received any compensation from Presidio Advisors, Prevad Inc., Robert Pfaff, or John Larson, for participating in the Transactions and, if so, the nature and the amount of such compensation.

11. Whether Mr. Vilhelmsen paid any U.S., Norwegian, or other taxes in connection with the Transactions.

### Pursuant to Paragraph 11 of the Letter of Request: <br> Documents or Other Property to Be Inspected

**(a)** The following documents are to be produced by Helge Vilhelmsen for inspection by the attorneys for the parties at least three weeks before the examination of the witness to be examined under paragraph 9, above.

1. Documents reflecting an agreement between Helminvest Resources, LLC, and BT Alex Brown whereby Helminvest Resources, LLC, granted BT Alex Brown a security interest in the Purchase Agreement or the Equipment.

2. Documents reflecting an agreement between Helminvest Resources, LLC, Presidio Capital Corporation and/or BT Alex Brown, whereby Presidio Capital Corporation assumed, or became a co-obligor with respect to, the obligation to close the Short Sale.

3. Documents reflecting analyses, research, or studies performed by or on behalf of Helminvest Resources, LLC, to determine the fair market value of the Equipment before entering into the Purchase Agreement.

4. Documents reflecting analyses, research, or studies performed by or on behalf of Helminvest Resources, LLC, to predict the future market price of the U.S. Treasury Securities subject to the Short Sale before opening the Short Sale.

5. Documents reflecting the terms of the Short Sale.

6. The financial books and records of Helminvest Resources, LLC, from 1998 through 1999, including documents reflecting all payments made and received concerning the Transactions.

7. The financial books and records of Presidio Capital Corporation from 1998 through 1999.

**(b)** In the alternative, if Mr. Vilhelmsen does not produce all of the documents listed in paragraph 11(a), above, then it is requested that The Norwegian National Authority for Investigation and Prosecution of Economic and Environmental Crime produce such documents that are in its possession and subject to disclosure under Norwegian law. The defendant in this case understands that The Norwegian National Authority for Investigation and Prosecution of Economic and Environmental Crime is conducting an investigation of Mr. Vilhelmsen for money laundering and that, in connection with that investigation, it might have obtained documents relevant to this case.